In the Matter of the Application of the STATE OF NEW YORK to Acquire a Toll Bridge in the County of St. Lawrence.

THE ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Appellant; BLACK LAKE BRIDGE COMPANY, Respondent.

**Highway Law — abolition of toll bridges — determination of commissioners of appraisal should be confirmed by court before being certified to boards of supervisors for their approval.**

1. The statute (Highway Law, §§ 263–265; Cons. Laws, ch. 25) relating to the condemnation and purchase of a toll bridge provides that when a commission appointed for that purpose shall have determined the value of such bridge the attorney-general shall cer-

tify such determination to the comptroller and the board or boards of supervisors of the county or counties wherein such bridge is situated, and that, after the receipt thereof, upon a majority vote of the board or boards of supervisors they shall adopt a resolution approving the purchase of such bridge under the provisions of the statute. In construing this statute the proper interpretation of the provision "upon a majority vote" is "if a majority so vote," and hence the words, "upon a majority vote of the board or boards of supervisors, they shall adopt a resolution approving the purchase of said toll bridge," are not to be construed as a mandatory direction for approval.

2. In proceedings under section 265 of the Highway Law to appraise the value and acquire title to a toll bridge the determination of the commissioners of appraisal may properly be confirmed by the court before it has been certified to the boards of supervisors of the counties interested for their approval, as required by that section. The determination referred to therein is the determination when confirmed and made final. The provisions of section 3373 of the Code of Civil Procedure for entering judgment for the amount of the award and enforcement by execution have no application, since the method in which the award can be collected is exclusively that pointed out by the statute (Highway Law, § 266).

*Matter of State of New York*, 152 App. Div. 633, affirmed.

(Argued February 25, 1913; decided March 18, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judical department, entered October 10, 1912, which modified, and affirmed as modified, an order of Special Term confirming the report of commissioners in condemnation proceedings to acquire a toll bridge.

The facts, so far as material, are stated in the opinion.

*Thomas Carmody, Attorney-General (Franklin Kennedy* of counsel), for appellant. The order of confirmation herein appealed from was prematurely granted; it was error for the court to grant such order before the supervisors of St. Lawrence county had approved the purchase of the bridge in accordance with the provisions

of section 265 of the Highway Law. (*Springfield F. &
M. Ins. Co.* v. *Allen*, 43 N. Y. 389; *Matter of R. &
C. R. R. Co.*, 67 N. Y. 242; *People ex rel. Gas Light
Co.* v. *Common Council*, 78 N. Y. 56; *Lent* v. *N. Y. &
M. R. Co.*, 130 N. Y. 504; *Hayden* v. *Pierce*, 144 N. Y.
512; *Matter of O'Hara*, 40 Misc. Rep. 355; *Wooster* v.
*Maher*, 141 N. Y. 330.)

*James C. Dolan* for board of supervisors of St. Law-
rence county, intervening. The order of confirmation
herein appealed from was prematurely granted. The
board of supervisors of St. Lawrence county should have
first passed a resolution in accordance with the provisions
of section 265 of the Highway Law approving the pur-
chase of said bridge. (Cons. Laws, ch. 25, § 170; *Town
of Kirkwood* v. *Newberry*, 122 N. Y. 571.)

*George E. Van Kennen* for respondent. The order of
confirmation was regular and proper; it was intended
and provided by the statute that the order would be
made; no error was made in the granting of it. (*Schnei-
der* v. *City of Rochester*, 90 Hun, 171; *Matter of Warren
Co. Bridge*, 70 Misc. Rep. 72; *Matter of Marsh*, 71 N. Y.
315.)

CULLEN, Ch. J. Under section 263 of the Highway Law
(Consol. Laws, ch. 25) on the petition of a majority in
number and in amount of assessed valuation of the own-
ers of property in the towns of Morristown and Macomb,
the board of supervisors of St. Lawrence county passed a
resolution that public interest demanded the abolition of
the toll bridge of the respondent, the Black Lake Bridge
Company. Thereupon, under section 265 of the act, the
attorney-general, in the name of the people of the state,
instituted proceedings to appraise the value of the bridge
and acquire title thereto, in accordance with the provisions
of the Code for the condemnation of property for public

purposes. The commissioners made an award which, on the motion of the respondent, was confirmed by the court against the objection of the attorney-general that such confirmation should not be made until after an approval by the board of supervisors. The objection is based on the statutory provision prescribing the duty of the board in the premises, which is as follows: "When said commission shall have determined the value of such toll bridge, the attorney-general shall certify such determination to the comptroller and to the board or boards of supervisors of the county or counties wherein such toll bridge is situated. After the receipt thereof, upon a majority vote of the board or boards of supervisors, they shall adopt a resolution approving the purchase of said toll bridge under the provisions of this article and providing for the payment of the county's share thereof and thereupon shall transmit a certified copy of such resolution to the state comptroller."

The first question to be determined is whether by the statute an approval of the purchase is made mandatory or discretionary in the board. The words "shall" and "must" when found in a statute are not always imperative. (*Matter of Thurber*, 162 N. Y. 244.) Under the statute thirty-five per cent of the cost of acquiring title to the bridge is imposed on the county at large and fifteen only on the towns in which the bridge was and from the property owners of which the petition came, the other half falling on the state. Under the statute the state does not assume the burden unless the state commissioner of highways approves. (Section 264.) It would seem that either the regularly constituted authorities or, if not, the other citizens of the county, should have something to say on the question. If no discretion is vested in the board it is difficult to see why its approval should be asked. However this may be, the provision "upon a majority vote" necessarily negatives the claim that the duty of approval is mandatory. A majority vote

contemplates the possibility of a minority vote. If a dissenting vote is permitted how can the supposed mandatory duty be enforced. One member of the board has as great a right as any other to dissent, and thus a minority may become a majority. No particular member of the board could be held liable for disobeying a mandamus or be prosecuted for willful failure to discharge a duty imposed by law. The proper interpretation of the provision "upon a majority vote" is "if a majority so vote."

This view, in which we all concur, narrows the further questions in the case to one merely of procedure. The attorney-general objects to the confirmation of the report because after that confirmation the compensation awarded may, in ordinary cases, under section 3373 of the Code of Civil Procedure, be enforced as a judgment, which is true. But, also, the Code of Civil Procedure (Section 3371) provides that any party may move to confirm the report. Therefore, if the action of the board of supervisors is discretionary it is impossible to carry through this proceeding in literal compliance with the Code of Civil Procedure, and the question is at what point a departure from the Code should be made. The award of commissioners is not conclusive until confirmed by the court, for under section 3371 it may be set aside for irregularity or errors in proceedings before the commission, or upon the ground that the award is excessive or insufficient. The price necessary to be paid may be, and often will be, the controlling factor in the action of a board of supervisors either in approval or disapproval of a purchase, and it should not be called upon to approve or disapprove until that price is definitely settled. The determination of the value of the bridge by the commissioners, which it is made the duty of the attorney-general to certify to the board of supervisors, is the determination when confirmed and made final. The provisions of the Code for entering judgment of the amount of the award against the petitioners in the enforcement by execution

can have no application to this case. The method in which the award can be collected is exclusively that pointed out by the statute, one-half upon the warrant of the comptroller on the state treasurer, and the other half on the county treasurer by the requisition of the same officer, dependent, however, upon the approval of the purchase by the board of supervisors.

The order appealed from should be affirmed, with costs.

WERNER, WILLARD BARTLETT, HISCOCK, CHASE and HOGAN, JJ., concur; COLLIN, J., not sitting.

Order affirmed.