Joseph A. Lichtenthal, J.
In this motion to suppress on the ground that the evidence was seized without a valid search warrant, defendant’s main contentions are (1) that the warrant was improperly issued inasmuch as the affidavit upon which the warrant was based was taken before a notary public in violation of section 794 of the Code of Criminal Procedure and (2) that the affidavit supporting the warrant was insufficient.
The court will first deal with the question of the sufficiency of the warrant to determine whether before issuance of the warrant 11 probable cause” was shown to the issuing Magistrate as required by law. The affidavit which is challenged by defendant recites that the detective who signed the affidavit had information from a reliable source advising him that the defendant was taking policy and horse bets in a certain establishment in White Plains. It further recited that on April 7, 8, 11, 13 and 14, 1966, the officer observed the defendant sitting at the bar with a copy of the Daily News and ¿ “ scratch sheet ”. The officer further observed numerous individuals approach defendant, converse with him, and hand defendant money in bill form as well as change. The court determines that the affidavit was sufficient. In People v. Marshall (13 N Y 2d 28, 34-35) the court held: ‘ But what had to be exhibited here was no more than probable cause for a search, that is, ‘ reasonable ground for belief ’ (Brinegar v. United States, 338 U. S. 160, 175; Jones v. United States, 362 U. S. 257, 269; United States v. Heitner, 149 F. 2d 105, 106). * * * ‘We are concerned only with the question irhether the affiant had reasonable grounds at the time of his affidavit and the issuance of the warrant for the belief that the law was being violated on the premises to be searched; and if the apparent facts set out in the affidavit are that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant ’ (Dumbra v. United, States, 268 U. S. 435, 441, supra; Henry v. United States, 361 U. S. 98, 102). Whether probable cause is present in a particular case must be determined from the facts of that case (United States v. Ramirez, 279 F. 2d 712, 714, cert. den. 364 U. S. 850).” (Further, see People v. Rogers, 15 N Y 2d 422; People v. Misuraco, 16 N Y 2d 542; United States v. Ventresca, 380 U. S. 102; People v. Valentine, 17 N Y 2d 128.)
The court will next deal with the contention of the defendant that the warrant was improperly issued inasmuch as the affidavit upon which the warrant was based was taken before a notary public in violation of section 794 of the Code of Criminal *954 Procedure. In this connection, it appears that the affiant appeared before the issuing Magistrate when the warrant was signed, Avho had an opportunity and who did examine the affiant on oath. The fact that the deposition Avas originally SAVorn to before a notary public before affiant appeared before the court does not under these circumstances warrant a vacatur of the warrant.
Therefore, defendant’s motion to vacate the warrant is in all respects denied.