THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* HERMAN RICKEN, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ELAINE GALLIETTA, Respondent.

Third Department, February 13, 1968.

*Howard A. Levine*, District Attorney (*Harry Bradt* of counsel), for appellant.

*Max H. Hershkowitz* for respondents.

STALEY, JR., J. This is an appeal from an order of the County Court of Schenectady County entered April 15, 1966, which declared illegal and void certain searches and seizures made pur-

suant to search warrants, and precluding the People from using the evidence obtained thereby in both of the above-entitled actions.

The search warrants were issued on July 14, 1965 by the Honorable JOHN F. DWYER, Justice of the Supreme Court at the City of Buffalo, Erie County, New York. In the *Ricken* case the application for the warrant was made by Investigator Thomas J. O'Hea of the New York State Police, and in the *Gallietta* case the application was made by Investigator Joseph V. Karas of the New York State Police. Neither Investigator O'Hea nor Karas appeared before Justice DWYER, the applications having been submitted to him by Investigator John Creagan of the New York State Police. The affidavits of the applicants were sworn to before a Notary Public.

Section 794 of the Code of Criminal Procedure provides in part that "The person seeking the warrant *shall appear* personally before the judge, justice or magistrate who may, before issuing the warrant, examine, on oath, the person seeking the warrant and any witnesses he may produce, and must take the affidavit or deposition of the person seeking the warrant."

Although it is recognized that the words "shall" and "must" when found in a statute are not always imperative (*Munro* v. *State of New York*, 223 N. Y. 208; *Matter of State of New York*, 207 N. Y. 582), "in the absence of ameliorating or qualifying language or showing of another purpose, the word 'shall' is deemed to be mandatory." (*Matter of Mulligan* v. *Murphy*, 19 A D 2d 218, 223.)

In our opinion the use of the words "shall appear" in section 794 intended a mandate to the applicant for the warrant to personally appear before the issuing Judge, Justice, or Magistrate. In the instant cases the applicants were Investigator O'Hea and Investigator Karas. Neither appeared before Justice DWYER. This failure to comply with the statute renders the search warrants illegal and void.

The cases of *People* v. *Sullivan* (40 Misc 2d 278) and *Matter of Kirkpatrick* (223 N. Y. S. 2d 886) are not to the contrary. They merely hold that the depositions of supporting witnesses need not be sworn to before the issuing Judge or Justice, and that it is not mandatory for the affiant witnesses as distinguished from the applicant, to appear personally before the issuing Judge, Justice or Magistrate. To the same effect is the case of *People* v. *Mancinelli* (50 Misc 2d 952) where the affidavit upon which the warrant was based was sworn to

before a Notary Public, but the affiant did, in fact, appear before the issuing Magistrate when the warrant was signed.

Our conclusion being that the search warrants were illegal and void, it is not necessary for us to reach the other questions raised by the People, and for the same reason, we do not reach the constitutional question concerning the underlying wire tap order raised by the defendants.

The order should be affirmed.

HERLIHY, J. P. (dissenting). The issue discussed by the majority is whether or not the search warrants were illegal and void because of failure to comply with section 794 of the Code of Criminal Procedure.

While the record would support a finding that Investigator Creagan was the applicant for the search warrants and that he personally appeared before the issuing Justice, such a consideration need not be reached.

The requirement under both the Federal and New York State Constitutions is that a search warrant may not issue unless there is a showing of probable cause by oath or affirmation that evidence of crime may thus be obtained. (See *People* v. *Marshall,* 13 N Y 2d 28, 34; N. Y. Const., art. I, § 12.) The reason for such a restriction is that the people have the right to be secure against *unreasonable* searches and seizures.

The statutory provisions for search warrants are set forth in title II of part VI (§§ 791–813) of the Code of Criminal Procedure and it is entitled " Of Special Proceedings of a Criminal Nature ". Section 791 defines a search warrant as an *order* signed by a Judge, Justice or Magistrate; section 792 defines what property may be seized; section 793 provides that it can be issued only " upon probable cause, supported by affidavit "; section 794 as discussed in the majority opinion regulates the procedure before the Judge, Justice or Magistrate; section 795 reiterates the requirement of probable cause within the affidavits or depositions; and section 796 provides that the judicial officer *must* issue the warrant if satisfied as to probable cause.

The majority hold that the failure of the applicant to appear personally before the issuing Magistrate renders the warrant illegal and void.

The requirements of section 794 are intended to be procedural (the District Attorney states they are " ministerial ") and a failure to strictly comply therewith should not render the search warrant order illegal or void in the absence of a showing that such noncompliance infringes on the right to be

free of unreasonable searches. It is conceivable that a failure to comply with section 794 might result in a finding that the issuing Magistrate could not have probable cause sufficiently shown and in such circumstance the search warrant order might be void.

A reading of the statutes relating to search warrants makes it clear that the issuance of a warrant is a special proceeding and if the court has acquired jurisdiction (see *People* v. *Politano*, 17 A D 2d 503, 509), then its *order* in the form of a search warrant can only be attacked on the ground that there was a failure of proof as to the vital issue of probable cause before that court. The question was expressly left open by this court in *People* v. *Politano* (*supra*). In this regard it is to be noted that the power of a Magistrate to issue search warrants apparently existed in the common law prior to the adoption of either our New York State Constitution or the Federal Constitution (see *People ex rel. Simpson Co.* v. *Kempner,* 208 N. Y. 16, 20, 21, 23), and it would appear that the Justices of the Supreme Court of this State still have such power independent of the provisions of the Code of Criminal Procedure.

Since these matters may be and generally are ex parte insofar as the State of New York, through its representatives, is concerned, and since it appears that jurisdiction of the subject matter is dependent only upon a showing of probable cause by oath or affirmation, it is apparent that a failure to comply with section 794 is a technical defect only and absent a showing by the movant of prejudice resulting from such defect, the search warrant will not be voided. There is no issue but that the affidavits submitted to the court conclusively show " probable cause " and the respondents do not argue or deny such fact. To rely, as do the majority, upon semantics in an interpretation of the procedural aspects of the statute applicable to such warrants is, in the present instance, too harsh a rule. The affidavits established probable cause and under the circumstances it is understandable why the court did not exercise its prerogative to have present the affiants.

In support of the construction that a failure to comply with section 794 does not render a search warrant void, the proposed New York Criminal Procedure Law omits the requirement of section 794.

The respondents argue that retroactive effect should be given to *Berger* v. *New York* (388 U. S. 41), but it should be noted that in December, 1967 the Court of Appeals decided *People* v. *Kaiser* (21 N Y 2d 86).

The other arguments made by the respondents do not show any prejudice, deprivation or violation of any of their rights.

The order should be reversed.

REYNOLDS, AULISI and GABRIELLI, JJ., concur with STALEY, Jr. J.; HERLIHY, J. P., dissents and votes to reverse in an opinion.

Order affirmed.