Gabrielli, J. (dissenting).
A majority of the court concludes that counsel, who allege that they are personal attorneys for Olga Aho, an adjudicated incompetent, have authority to appeal from the incompetency adjudication to the extent only of seeking review of the denial of their motion to change the venue of the incompetency proceeding. They do not contest the actual adjudication of incompetency and their apparent sole interest is the situs of the court where the appointment of the committee will be made. I am unable to agree with the conclusion that the denial of the venue motion is appealable and that counsel have the authority to prosecute the appeal from the denial of that motion. However, I take no position with respect to the dicta that such attorneys have the authority to prosecute an appeal from the incompetency adjudication for no such issue has been tendered, since counsel have expressly avoided appealing from so much of the order below that adjudicated Mrs. Aho incompetent.
Following a jury trial, the Supreme Court, Westchester County, declared Mrs. Aho, an octogenerian and long-time resident of Larchmont, New York, incompetent to manage herself and her affairs, and appointed a committee of her person and property. Counsel, purporting to be her personal attorneys, appealed (1) from the denial of their pretrial change of venue motion and (2) from only so much of the judgment that appointed committees of the person and property of Mrs. Aho. The Appellate Division unanimously dismissed the appeals, and held that no appeal lies from an intermediate order denying a change of venue, and also held *250 that the attorneys were without legal authority to take the appeals.
Along with her husband, Mrs. Aho settled in Larchmont in the 1930’s. Her husband died in 1950. They were childless. In April, 1972, Mrs. Aho retained counsel, the law firm of Hooker, Alley and Duncan of New York City, to assist her in the preparation of her will. In May, following an extended visit, her niece, petitioner Lillian Rhodes of Mankato, Minnesota, ascertained that Mrs. Aho was incapable of caring for herself or her affairs and arranged with a cousin of Mrs. Aho’s husband to have her cared for temporarily in Rexford, New York, located in Schenectady County.
A year later, petitioner and another niece, Mrs. Aho’s closest living relatives, commenced this proceeding in the Supreme Court, Westchester County, to have Mrs. Aho declared incompetent and to have a committee appointed to care for her and her affairs. A motion was made seeking a change of venue to Schenectady County on the ground that she was now a resident of that county. As indicated, the motion was denied and, following the trial, Mrs Aho was adjudicated incompetent and committees were appointed.
The threshold question is whether these attorneys have authority to maintain this appeal. The legislative scheme of the CPLR makes it unmistakably clear that they do not. CPLR 321 (subd [a]) provides that a party, other than one specified in CPLR 1201, may prosecute or defend a civil action in person or by attorney; and CPLR 1201 expressly and with the utmost clarity specifies that "a person judically declared to be incompetent shall appear by committee of his property”. The statutes are written in absolute terms and, without qualification, require that an incompetent may appear only by his or her committee. Were there any doubt, however, as to the application of those provisions, CPLR 1016 would certainly dispel it for there it is unequivocally stated that "[i]f a party is adjudicated incompetent, the court shall order substitution of his committee” (emphasis added). It is manifest, therefore, that the law of this State, as set forth by the Legislature, is that incompetents must appear by committee.
Nevertheless, the majority holds, erroneously I think, and without citation of authority or expression in precedent, that CPLR 321 and 1201 are directory only. That conclusion presents the judicial branch with the wholly unwarranted author *251 ity to overrule clear legislative determinations. While the word "shall” is not always imperative (see Munro v State of New York, 223 NY 208; Matter of State of New York, 207 NY 582), " 'in the absence of ameliorating or qualifying language or showing of another purpose, the word "shall” is deemed to be mandatory.’ (Matter of Mulligan v. Murphy, 19 A D 2d 218, 223.)” (People v Ricken, 29 AD2d 192, 193, affd on opn below 27 NY2d 923; see, also, Escoe v Zerbst, 295 US 490; Black’s Law Dictionary [4th ed], p 154.) Thus, here, where in each of three different sections (CPLR 321, subd [a]; CPLR 1016, 1201) the Legislature utilized the command form "shall”, and no qualifying language or other purpose is evident, there can be no question but that the statutes were intended to be preemptive.
Furthermore, it seems quite improper to have counsel for adjudicated incompetents litigating matters without judicial control. The jury found that Mrs. Aho possessed $626,820.25 worth of personal property and had an annual income of approximately $30,000. The very purpose of statutes such as CPLR 321 (subd [a]) and CPLR 1201 is to insure that judicial surveillance be maintained. Additionally, it is provided in the Mental Hygiene Law that a committee is subject to the control of the court which appointed him (§ 78.15, subd [a]) and must post security to insure the proper execution of his duties (§ 78.09). To hold, as does the majority, that attorneys purportedly retained by an incompetent may conduct post incompetency adjudication litigation without court approval, renders nugatory the apparent objectives of the very legislation designed to protect an incompetent.
Carter v Beckwith (128 NY 312), the predicate for the position of the majority, is not controlling. All that case determined was that an attorney who has been retained by an incompetent during his lifetime to challenge the continuing status of his competency may recover his fees from the estate of the incompetent. By way of contrast, there is nothing in the record now before us that shows that counsel were retained by Mrs. Aho to contest her competency and, indeed, they have neither challenged nor appealed from the finding of incompetency. Moreover, all that does appear is that they were once retained to write a will; no general retainer or authority beyond drafting her will has been alleged or shown. The obvious aim of their attack is the venue of the proceeding and the consequent appointment of Westchester County commit *252 tees. Certain it is that the court in Carter did not address these concerns.
Illustrative of the proper approach is Sengstack v Sengstack (4 NY2d 502). There we held that a court could entertain a separation action brought by a plaintiff who declared she was incompetent. We there pointed out with specificity that since she had not been judicially declared to be an incompetent, the court would allow the action. We carefully noted that courts, in such circumstances, must take special pains to protect such litigants and that this duty was fulfilled by the appointment of a special guardian and the direction that the guardian make an investigation of the situation and report to the court. No court in the appellate process of this case has ever been requested to make any such appointment nor has there been any judicial supervision of these present proceedings. I would conclude that her purported attorneys are without authority to represent her.
Reaching the merits, the majority merely states that the reversal of an order denying a motion for change of venue in a proceeding to determine competency (p 248) "would strike at the foundation on which the final judgment was predicated”. I am unable to agree with that conclusion. Venue, basically, is of no jurisdictional consequence (cf. CPLR 509, 510; 511); and this waivable claim may not, therefore, be somehow elevated to postjudgment jurisdictional status. I conclude, as did an unanimous Appellate Division, that the venue objection was not reviewable.
The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Fuchsberg and Cooke concur with Judge Jones; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judge Wachtler concurs.
Order modified, without costs, and matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.