OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified as hereafter indicated and, as so modified, affirmed, without costs.
Petitioner sought a new parole release hearing based upon a number of claimed errors in the procedure followed by the superintendent and the board. Special Term held that two of three disciplinary violations erroneously relied on in. denying parole should be expunged.from petitioner’s record and that his criminal history score should have been computed at, and should be reduced to* eight rather than nine, but concluded that no error had been committed that warranted ordering a new parole hearing. The judgment entered simply dismissed the petition, however, and contained no direction for expunction or correction of the record.
On appeal to us petitioner argues for the first time that no verbatim record of the board proceedings was made as required by subdivision 6 of section 259-i of the Executive Law, that he was denied the opportunity to prepare for the hearing by seeking employment so that he could present a work plan, that the board improperly considered the third disciplinary violation, and that those errors required a new hearing.
The verbatim record point was not raised below and is not borne out by the record on this appeal, which shows that petitioner was offered but declined the opportunity to obtain the hearing record and thus establishes inferentially that such a record was made. The work plan argument, as the courts below have held, was not sustained factually. Nor *800 was there error in not requiring a new hearing, for the board is directed by subdivision 2 of paragraph (c) of section 259-i to consider the inmate’s institutional record and met its obligation under paragraph (a) of informing petitioner in writing of the reasons for denial of parole. Moreover, both reasons given (“Serious Disciplinary Record” and “unsatisfactory parole plan”) find support in the record.
Special Term erred in two respects, however. First, it held that the board could consider discipline for stealing notwithstanding that petitioner had not received a copy of the institutional rules and regulations at the time of the incident. It reasoned that he, having been convicted of robbery, knew that stealing was forbidden notwithstanding that he had not received the required copy. That reasoning would be a sufficient predicate for prosecution under the Penal Law, but fails to meet the specific requirement of subdivision 5 of section 138 of the Correction Law that “No inmate shall be disciplined except for a violation of a published or posted rule or regulation, a copy of which has been provided the inmate” (emphasis supplied). In the face of that specific requirement petitioner’s knowledge of the Penal Law furnished no basis for discipline. None of the three disciplinary violations should have been considered, therefore.
The second error of Special Term was in failing to include in its judgment the directions for expunction and correction which its opinion indicated should be made. The judgment should, therefore, be modified to direct that the three violations referred to by Special Term be expunged from petitioner’s record and that his prior criminal history score be corrected from nine to eight.
Accordingly, the order of the Appellate Division should be modified to direct modification of Special Term’s judgment as above set forth. As so modified, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.