■ In the Matter of DEREK SAUNDERS et al., Respondents, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Appellant. — Judgment unanimously modified and, as modified, affirmed, in accordance with the following memorandum: Petitioners moved to nullify specified adjustment committee action and all references to it. They also sought a declaration that the Attica Correctional Facility rulebook was in violation of the Correction Law. We agree that the court properly nullified and expunged all violations of the local facility rules because petitioners had not received copies of them (Correction Law, § 138, subd 5). It erred, however, in nullifying and expunging the violations of the State-wide rules. Petitioners admitted receiving the State-wide manual on standards of inmate behavior and, hence those violations of the State-wide rules committed by petitioners, other than the State-wide rules which were predicated on the violation of a local facility rule, should not have been expunged. Consequently, the only adjustment committee action which should have been nullified and expunged was that concerning the contraband charge against petitioner Saunders since that was the only action which was

based solely on the violation of local facility rules. We also agree with the hearing court that the Attica Correctional Facility's rulebook is in violation of subdivision 3 of section 138 of the Correction Law because of its failure to set forth the range of disciplinary sanctions which can be imposed for a violation of each rule. The statute requires that facility rules shall state the range of sanctions which may be imposed. Respondent's interpretation of the statute as being merely permissive is without a rational legal basis (cf. *Matter of Bernstein v Toia,* 43 NY2d 437). In the absence of contrary legislative intent or any qualifying language in the statute, the word "shall" is deemed to be mandatory (*People v Ricken,* 29 AD2d 192, affd 27 NY2d 923). Respondent has failed to demonstrate why the statute should not be deemed mandatory and, hence, the facility's rules are in violation of the Correction Law. (Appeal from judgment of Supreme Court, Wyoming County, Doyle, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.