■ In the Matter of RICHARD BARNES, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent.—Judgment unanimously reversed, on the law, and matter remitted to Supreme Court, Wyoming County, for a hearing, in accordance with the following memorandum: In this CPLR article 78 proceeding petitioner, an inmate at the Attica Correctional Facility, maintains that he should not be punished for violation of a facility rule where there has been no showing that he ever received a copy of the rule book. We agree. "No inmate shall be disciplined except for a violation of a published and posted written rule or regulation, a copy of which has been provided the inmate" (Correction Law § 138 [5]; *Matter of Saunders v Smith,* 99 AD2d 671). The hearing court erroneously concluded that petitioner was, in effect, constructively on notice of the local rule. The statute specifically requires actual knowledge of the institutional rule as the basis for discipline *(Matter of Collins v Hammock,* 52 NY2d 798, 800).* Hence, a further hearing is required to determine whether petitioner received a copy of the institutional rule book. If not, all charges involving violation of this rule should be expunged from petitioner's institutional record. (Appeal from judgment of Supreme Court, Wyoming County, Flynn, J.—art 78.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.