*1040 OPINION OF THE COURT
Robert C. Williams, J.
Petitioner moves for judgment pursuant to CPLR article 78 annulling the April 6, 1987 Superintendent’s hearing and dismissing, with prejudice, the charge upon which the hearing was based and expunging from petitioner’s institutional and departmental records all references to said hearing. Petitioner also seeks to proceed in forma pauperis.
Petitioner has satisfied the requirements of CPLR 1101 and is therefore permitted to proceed as a poor person.
For the following reason, the petition must be granted.
The relevant subdivisions of section 138 of the Correction Law are (1), (2) and (5). While it is correct that subdivision (2) is silent on the specific language in which the copies of the rules and regulations must be provided to inmates (subd [1] requiring that said rules and regulations be posted in both the English and Spanish languages), subdivision (5) states that "[n]o inmate shall be disciplined except for a violation of a published and posted written rule or regulation, a copy of which has been provided the inmate” (emphasis supplied). The failure to so provide such a copy has been held to be grounds to annul the hearing and expunge the inmate’s record (Matter of Collins v Hammock, 52 NY2d 798, 800; Matter of Barnes v Smith, 115 AD2d 221; Matter of Saunders v Smith, 99 AD2d 671). Thus, it is not merely the posting and publication of the rule which is sufficient to satisfy the statutory mandate— provision of a copy of the rules and regulations is also required.
In the present proceeding, petitioner is a Spanish-speaking inmate who does not read or understand the English language. Providing to him an English version of the rules and regulations was tantamount to providing him with nothing, since both would effect the same result — petitioner would have to rely solely on the publication and posting of the rules, the "prominent locations” (Correction Law § 138 [1]) where they were placed hopefully coinciding with areas in the facility where petitioner had access and time to read same. By the adoption of subdivision (5) of section 138, the Legislature has made it clear that reliance on only the published and posted regulations is insufficient. Thus, provision of a copy of said rules and regulations to the inmate is a significant require *1041 ment related to notice to be given to the inmate (Matter of Barnes v Smith, supra), and not merely a ministerial act devoid of substance. Since same has not been accomplished in a meaningful manner in the instant proceeding, the petition must be granted.
The court grants the relief requested in the petition.