■ WILLIAM F. NICHOLS, Respondent, v CARL R. NICHOLS, Appellant.—Judgment unanimously affirmed with costs for reasons stated at Supreme Court, Steuben County Court, Purple, J. (Appeal from judgment of Supreme Court, Steuben County, Purple, J.—declaratory judgment.) Present—Dillon, P. J., Doerr, Green, Balio and Lawton, JJ.

■ In the Matter of ANDRE MONTGOMERY, Petitioner, v WALTER KELLY, as Superintendent of Attica Correctional Facility, Respondent.—Determination unanimously annulled on the law and petition granted, in accordance with the following memorandum: In this CPLR article 78 proceeding, petitioner challenges a prison disciplinary determination that he violated a departmental regulation prohibiting inmates from being "out of place in any area of the facility." We conclude that the determination is not supported by substantial evidence and that petitioner was not put on notice which areas were off limits. At the hearing, petitioner testified that he had received permission to use the water fountain at one end of the mess hall during recreation period and that no rules placing that area off limits were contained in the inmate rule book or posted on the company bulletin board. The Hearing Officer acknowledged that the rules were not posted, but maintained that they were in the inmate rule book. Petitioner produced a copy of portions of the inmate rule book describing mess hall procedures; those rules do not state that any portion of the mess hall is off limits to inmates. Respondents have failed to identify any prison rule placing portions of the mess hall off limits to prisoners during recreational period. Thus, the determination is not supported by substantial evidence and must be annulled for lack of proper notice to petitioner *(see,* Correction Law § 138 [1], [2], [5]; *Matter of Saunders v Smith,* 99 AD2d 671). (Article 78 proceeding transferred by order of Supreme Court, Wyoming County, Dadd, J.) Present—Callahan, J. P., Denman, Boomer, Pine and Davis, JJ.