■ In the Matter of YUSUF A. SHAKOOR, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

A pat frisk of petitioner, an inmate being transferred from

Attica Correctional Facility to Great Meadow Correctional Facility, uncovered six vials of an unknown liquid concealed in the lining of petitioner's jacket sleeves. A misbehavior report charging petitioner with smuggling in violation of 7 NYCRR 270.2 (B) (15) (i) and possessing contraband in violation of 7 NYCRR 270.2 (B) (14) (xiv) was filed. At the tier III hearing, petitioner pleaded not guilty to the smuggling charge and guilty with an explanation to the charge of possession. He admitted that the search revealed six vials of liquid, said by petitioner to be religious Muslim musk oil, but claimed the oil was not intentionally hidden in his coat for smuggling purposes and further that its possession was permissible. He contends that during the course of his transfer from Attica, where he assertedly distributed these oils legitimately, he simply forgot the six vials were secreted in his jacket.

The Hearing Officer chose to credit the misbehavior report rather than petitioner's explanation. He found petitioner guilty of both violations and imposed a penalty of 60 days' keeplock, of which 30 days were suspended, and 60 days' loss of privileges, 30 days of which were similarly suspended. This disposition was subsequently affirmed administratively, prompting petitioner to institute this CPLR article 78 proceeding.

While petitioner correctly indicates that the record fails to demonstrate that he had actual knowledge of those institutional rules he is accused of violating (see, Correction Law § 138 [5]; Matter of Collins v Hammock, 52 NY2d 798, 800; see also, Matter of Barnes v Smith, 115 AD2d 221), he waited until his administrative appeal to articulate this statutory concern regarding the smuggling charge, and accordingly waived it (see, Matter of Hop Wah v Coughlin, 153 AD2d 999, lv denied 75 NY2d 705; Matter of Law v Racette, 120 AD2d 846, 847-848).

The smuggling charge is supported by substantial evidence. It is enough that the applicable regulation proscribes the smuggling of "any item", regardless of its character, into the facility (7 NYCRR 270.2 [B] [15] [i]) and that petitioner failed to declare he possessed the concealed vials.

There is, however, no evidence that the vials contained contraband. The record respecting the vials' contents consists only of petitioner's representation that they contained religious oil; such oil comes within the definition of contraband only if so "authorized by the superintendent or designee" (7 NYCRR 270.2 [B] [14] [xiv]). Even assuming that the local

facility rules defined such oil as contraband, we find no evidence in the record that petitioner ever received a copy of them *(see, Matter of Saunders v Smith,* 99 AD2d 671, 671-672). And in contrast to the smuggling charge, petitioner can fairly be said to have raised this concern at the hearing. Although he pleaded guilty to this violation, he did so with an explanation which can be interpreted as a statement that he was unaware that possession of the oil was impermissible. Inasmuch as an inmate cannot be found guilty of violating an institutional rule of which he has no actual knowledge (Correction Law § 138 [5]; *Matter of Collins v Hammock, supra),* petitioner's contraband violation and the proceedings had thereon should be expunged from his record.

Determination modified, without costs, by annulling so much thereof as found petitioner guilty of possessing contraband; petition granted to the extent that respondents are directed to expunge from petitioner's record all references to the contraband possession violation; and, as so modified, confirmed. Casey, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.