■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GREGORY GAYLE, Appellant, v RICHARD J. KOEHLER, as Commissioner of New York City Department of Correction, et al., Respondents.—Order, Supreme Court, Bronx County (Burton Hecht, J.), dated November 24, 1989, dismissing the *pro se* CPLR article 78 petition, which sought to nullify and expunge from the record the disciplinary finding made against relator, is reversed, on the law and the facts, the petition is granted and the finding annulled, without costs.

While confined at Rikers Island, relator was charged in a disciplinary proceeding with arson, assault on a correction officer and refusal to obey an order. Relator was found guilty in absentia and sentenced to fifty days of punitive segregation.

It is undisputed that relator was found guilty without having received a copy of the institution's rules and regulations in violation of Correction Law § 138 (1), (2) and (5). The fact that relator's conduct violated the Penal Law is not a basis for disciplinary action which is in violation of the Correction Law *(Matter of Collins v Hammock, 52 NY2d 798 [1980])*.

We also reject the argument made by respondent that the relator waived any claim based on the Correction Law. No transcript of the hearing was made. The record submitted on appeal indicates only that the relator refused to sign a notice of the hearing and refused to sign a written notice of the disposition. There is nothing to indicate that he refused to attend the hearing.

Under these circumstances the finding should be annulled. Concur—Carro, J. P., Asch and Smith, JJ.

Kupferman, J., dissents in a memorandum as follows: The relator had imposed upon him 50 days of punitive segregation, which has already been served, as a penalty for infractions,

being 30 days for assaulting a correction officer, 10 days for setting a fire and 10 days for refusing a direct order.

What seems to have happened was that the relator set a fire in the receiving room and was uncooperative and abusive and refused a search of his person and then punched the correction officer.

Nowhere in his papers does the relator deny this action by him. His whole point is that he could not be found guilty without having received a copy of the rules and regulations.

It needs no analysis to conclude that regardless of rules or regulations, setting the fire and punching the officer was a clear penal violation and to make the supposed failure of their delivery the basis for nullifying the disciplinary finding, is at least supererogatory.