■ In the Matter of KENNETH JOHNSON, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correction, Appellant. (Proceeding No. 1.) In the Matter of KENNETH JOHNSON, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correction, Appellant. (Proceeding No. 2.) In the Matter of KENNETH JOHNSON, Respondent, v JOHN P. KEANE, as Superintendent of Sing Sing Correctional Facility, Appel-

lant. (Proceeding No. 3.) [613 NYS2d 192] —In three proceedings pursuant to CPLR article 78 to review three determinations of the Sing Sing Correctional Facility, dated July 21, 1991, September 12, 1991, and September 22, 1991, which, after hearings, found that the petitioner had violated certain institutional rules and imposed penalties, the appeal is from three judgments of the Supreme Court, Westchester County (Silverman, J.), all entered July 7, 1992, which granted the petitions, annulled the determinations, and directed that the petitioner's institutional record be expunged.

Ordered that the judgments are reversed, on the law, without costs or disbursements, the determinations are confirmed and the petitions are dismissed.

The petitioner, an inmate at the Sing Sing Correctional Facility, was charged on three separate occasions with numerous violations of the facility's disciplinary rules. At his administrative hearings, the petitioner defended against the charges on the merits, but he was found guilty of misconduct in connection with each of the alleged incidents. The Hearing Officer's factual determinations and the penalties imposed were affirmed on the petitioner's administrative appeals. The petitioner subsequently commenced these CPLR article 78 proceedings. The Supreme Court granted the petitions and annulled the determinations on the ground that the petitioner had not timely received a copy of the inmate rule book, as required by Correction Law § 138 (5). We now reverse and dismiss the petitions.

The petitioner never claimed during any of the aforementioned administrative hearings that he had not timely received a copy of the inmate rule book governing inmate behavior. Under these circumstances, he is precluded from obtaining judicial review of the determinations in question on that ground (see, Matter of Patino v Scully, 135 AD2d 637; Matter of Shakoor v Coughlin, 165 AD2d 917, 918). The Supreme Court incorrectly concluded that the Court of Appeals' holding in Matter of Collins v Hammock (52 NY2d 798), and the provisions of Correction Law § 138 (5) require a different result. This Court's holding in Matter of Patino v Scully (supra) is based on well-settled law that an aggrieved party must make a timely claim at the administrative hearing in order to preserve that claim for judicial review (see, e.g., Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833; Matter of Klapak v Blum, 65 NY2d 670). In Matter of Collins v Hammock (supra), the Court of Appeals did not

consider the issue of whether a claim based on Correction Law § 138 (5) had been properly raised at the administrative hearing. The holding of that case is, therefore, inapposite to the case at bar.

In any event, we note that the record does not support the Supreme Court's conclusion that there had been a violation of Correction Law § 138 (5). Although the petitioner alleged that he had not received a copy of the inmate rule book, he candidly admitted in his petitions that he had received various manuals governing inmate conduct at the local facility where he had been previously incarcerated. He also stated at the administrative hearings that he was aware of the disciplinary rules that he was charged with violating. Thus, his claim that his due process rights had been violated because of his untimely receipt of the inmate rule book is, under the circumstances of this case, patently frivolous.

Accordingly, we reverse the judgments, dismiss the petitions, and confirm the determinations. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.