In the Matter of IAN HAREWOOD, Petitioner, v LUCIEN LECLAIRE, JR., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [846 NYS2d 533]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered April 3, 2007) to review a determination of respondent. The determination found after a tier II hearing that petitioner violated various inmate rules.

It is hereby ordered that the determination be and the same hereby is confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding seeking to annul the determination, following a tier II hearing, that he violated inmate rules 109.10 (7 NYCRR 270.2 [B] [10] [i]) and 109.12 (7 NYCRR 270.2 [B] [10] [iii]) by being out of place in an area of the correctional facility and by failing to follow facility regulations and staff directions relating to movement within the correctional facility. We conclude that the determination is supported by the requisite substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]). According to the misbehavior report, petitioner was released from his cell in order to report to the mess hall, where he was scheduled to work. Petitioner admitted at the hearing that, instead of reporting to the mess hall, he went downstairs and asked a cor-

rection officer if the law library had notified him to pick up his legal work. Petitioner did not have permission to go "downstairs," regardless of the fact that a correction officer who was unaware that petitioner was supposed to report to the mess hall instead gave him a pass to go to the law library. The Hearing Officer properly concluded that petitioner "failed to show up for his assigned program in the messhall [sic] and when let out for his work assignment chose to instead" go "downstairs" and have another correction officer call the law library. In determining that petitioner violated the inmate rules at issue, the Hearing Officer considered the admission of petitioner that he was out of place and discounted his explanation in mitigation that he had a court deadline. Finally, we conclude that the Hearing Officer properly determined that the absence of petitioner from his work assignment in the mess hall in violation of prison regulations posed "a threat to the safety and security" of the correctional facility.

All concur except Green and Pine, JJ., who dissent and vote to annul the determination in accordance with the following memorandum.

Green and Pine, JJ. (dissenting). We respectfully dissent because, in our view, the determination that petitioner violated the inmate rules at issue is not supported by substantial evidence (see generally People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]). According to the misbehavior report, petitioner was released from his cell to go to his job at the mess hall, but he was not present in the mess hall area when an inmate count was conducted. At the tier II hearing, petitioner testified that, after he was released from his cell, he asked a correction officer whether the law library officer had called concerning legal work that petitioner needed for a pending court deadline. Petitioner further testified that the correction officer called the law library officer, who directed him to send petitioner to the law library. The correction officer issued a pass to petitioner, and petitioner proceeded to the law library. The correction officer and the law library officer testified at the hearing and corroborated petitioner's account of the incident. We thus conclude that, although petitioner was not at his job at the mess hall when the inmate count was conducted, he presented undisputed evidence that he sought and received permission from a correction officer to go to the law library. Under those circumstances, we cannot agree with the majority that the determination that petitioner was out of place in an area of the correctional facility and that he failed to follow facility regulations or staff directions relating to movement within the correctional facility (see Matter of

*Montgomery v Kelly,* 138 AD2d 938 [1988]; *see also Matter of Reyes v Goord,* 20 AD3d 830 [2005]). We therefore would annul the determination, grant the petition and direct respondent to expunge from petitioner's institutional record all references to the violations of those rules. Present—Martoche, J.P., Centra, Peradotto, Green and Pine, JJ.