Mario Pittoni, J.
In this article 78 proceeding the petitioner requests this court to reverse and annul the decision of the Board of Zoning Appeals, and to direct it to grant his application to ‘ ‘ install second kitchen in one family residence ’ ’.
The building is on land 40 feet by 100 feet and is located in a “ C Residence District” which requires 12,000 square feet for a two-family house (Ordinance, art. 6, § C-10.2).
An application to the Town Building Department for a permit “ to convert from 1 family to 2 family house ” was denied for failure to comply with the minimum area requirement. An appeal from this denial to the Board of Zoning Appeals was also denied. The petitioner filed another application with the Building Department, this time requesting ‘ ‘ Install second kitchen in 1 family residence”. Again, this application was denied for the same reason as previously. The petitioner appealed again to the Zoning Board, not for a variance based on practical difficulties or unnecessary hardships, but on the grounds (1) that the decision of the Building Inspector was in error and contrary to law, and (2) -that the petitioner was entitled to a permit as a matter of right. At the board hearing the petitioner stated that he and his son would use two separate kitchens, and admitted that there would also be two separate dining areas, and, in fact, two entirely separate living areas. An inspection of the blueprint submitted with the application shows two separate apartments with separate bedrooms, separate dining rooms, separate living rooms and separate entrances to the building. The board, upon this evidence, decided as a fact that the proposed use was for two families and in violation of section C-10.2 of article 6 of the Building Zone Ordinance. The board again denied the application.
The Building Zone Ordinance defines a two-family dwelling as a building designed for and occupied exclusively as a home or residence for two families (art. 1, § D-1.8), and a family as any number of persons living and cooking together on the premises of a single housekeeping unit (art. 1, § D-1.23).
The petitioner’s testimony, his applications and the blueprints attached thereto show two distinct and separate family units clearly intended and designed for a two-family occupancy in violation of the ordinance involved (Ordinance, art. 1, §§ D-1.8, 1.23; art. 6, § C-10.2). The building is not only designed for two families with two separate entrances and two *109 complete living units, but by the petitioner’s own testimony it is to be occupied by two separate families. The ordinance defines a “family” as “ any number of persons living and cooking together on the premises of a single housekeeping unit ”. Thus the evidence in this case compels the conclusion that the petitioner and his son intended to have a two-family house, to live separate and apart, each under his own management as a distinct family unit.
Furthermore, the petitioner has not applied to the discretionary powers of the board with the usual references to either unnecessary hardship or practical difficulties. He has chosen instead to argue on the basis of a vested right, and has failed to disclose any such right.
It is clear, therefore, that this was an attempt to establish a two-family house in a one-family zone. It follows that the determination of the board was not arbitrary, unreasonable or capricious, and the petition is dismissed. Submit order.