■ In the Matter of IRWIN M. KROPF et al., Respondents, v. EDWIN F. BROOKS et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act, to review a determination of the Zoning Board of Appeals of the Town of Huntington, denying the petitioners' application for a permit to establish and operate a private club on a certain tract of land in said town, said board appeals from an order of the Supreme Court, Suffolk County, entered July 25, 1961 upon the decision of the court after trial, which (1) annulled the board's determination; and (2) directed the board to issue the permit. Order reversed on the law and the facts, without costs, determination of the Zoning Board of Appeals confirmed and petition dismissed, without costs. Findings of fact contained in the memorandum-decision of the Special Term which may be inconsistent herewith are reversed and new findings are made as indicated herein. It appears that the petitioners are contract vendees of the subject property, a 15-acre tract located in a one-acre Residence District on the westerly side of Deer Park Avenue, approximately 650 feet south of the Vanderbilt Parkway in the Dix Hills area of Huntington Township. The property constitutes the core of what was once a much larger estate which has been subdivided into lots, upon some of which homes valued at $27,000 to $40,000 have been built. Petitioners applied to the Town Zoning Board for permission to build on the property a swimming club for 500 families. The proposed use would include, *inter alia*, an Olympic size swimming pool, an ordinary pool, a wading pool, two bath houses, a snack bar pavilion, two handball courts, a basketball court, a children's play area and a 300-car parking lot. The board denied the application upon the ground that it failed to comply with section 7 of article V of the Zoning Ordinance. In pertinent part, that section provides that private clubs may be established in any Residence District provided the board shall find, among other things, (1) "that the proposed use will not adversely affect property values in the neighborhood;" and (2) that such

use "will not create any undue traffic hazard." In our opinion, the question as to whether to grant or deny the application lies within the province of the board to determine, in the exercise of a reasonable discretion and in accordance with the standards provided for its guidance. We hold that, upon the record here presented, the board's determination rested upon a rational basis; hence this court may not substitute its judgment for that of the board. Under all the circumstances, we may not say that the board's refusal to grant the application was either arbitrary or capricious (*Matter of Green Point Sav. Bank* v. *Board of Zoning Appeals of the Town of Hempstead*, 281 N. Y. 534, 539; *Matter of Sound Oil Co.* v. *Plonski*, 13 A D 2d 673; cf. *People ex rel. Hudson-Harlem Val. Tit. & Mtge. Co.* v. *Walker*, 282 N. Y. 400; *Matter of Joynt* v. *King*, 6 A D 2d 234, 240-241). We hold further that the mere fact that consent was granted to an owner of premises across the street from the subject property, for the establishment of a nursery school and day camp, does not of itself show that consent in the instant case was arbitrarily refused (cf. *Matter of Lemir Realty Corp.* v. *Larkin*, 11 N Y 2d 20, 25; *Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330, 336). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.