■ In the Matter of EDWARD KASTEN et al., Appellants, v. ZONING BOARD OF APPEALS OF THE TOWN OF BROOKHAVEN, Respondent.— In a proceeding pursuant to CPLR article 78 to annul a determination of respondent zoning board of appeals, dated April 11, 1974, which denied petitioners' application for a use variance, the appeal is from a judgment of the Supreme Court, Suffolk County, entered September 4, 1974, which (1) dismissed the petition and (2) vacated a stay theretofore granted. Judgment reversed, on the law, with $20 costs and disbursements, and proceeding remanded to Special Term for consideration of petitioners' application on the merits in accordance herewith. Petitioner Southland Corporation is a Texas corporation which operates a number of " 7-Eleven " neighborhood grocery stores throughout the country through local franchises. Petitioners Kasten are the holders of one such franchise covering a store presently operating in the Town of Brookhaven, Suffolk County. The store has been open for business since May, 1970. The years immediately prior and subsequent to the opening were not uneventful (see *De Popas* v. *Barraud*, 38 A D 2d 597, affd. 33 N Y 2d 672). Briefly, the events were as follows: In 1968 the owners of the approximately four-acre parcel upon which the store is located (the store occupies approximately .4 acre) applied for and obtained from the Brookhaven Town Board a reclassification of the property from B Residence 1 to J Business 2, a zone permitting retail stores. A building permit was then issued. Construction was almost 90% complete when the permit was revoked in July, 1969. The revocation resulted from objections by neighboring property owners who asserted they had never been notified of the zoning change. A public hearing was held, after these objectants were given notice, and the rezoning was granted and the permit renewed. The objectants then brought the *De Popas* action to have the rezoning declared unconstitutional and void and for injunctive relief. They were successful, the courts finding the rezoning to be spot zoning and not in accordance with a comprehensive plan (see *De Popas* v. *Barraud, supra*). Thereafter, on November 29, 1973, a public hearing was held to consider a resolution to rezone the property to B Residence 1. The town board, however, took no action on that resolution, concluding that the courts' judgment had accomplished that result. The town's building inspector, in a letter to one of the owners of the parcel, but not to petitioners, revoked the certificate of occupancy issued for the store. Petitioners then

applied to respondent zoning board for a use variance in order to be allowed to continue to operate the store. Respondent denied the application, essentially on the ground that it was precluded from considering the application on the merits by reason of the court rulings. This proceeding followed. In dismissing this proceeding, Special Term stated that the only issue was whether the doctrine of collateral estoppel was applicable, that is, whether the final outcome of the *De Popas* case (*supra*) barred the granting of petitioners' request for a use variance. Special Term concluded that it did. We find otherwise. The two necessary requirements for applying collateral estoppel are (1) an identity of issue which has necessarily been decided in the prior action and is decisive of the present action and (2) that there was a full and fair opportunity to contest the decision claimed to be controlling (*Schwartz* v. *Public Administrator of County of Bronx*, 24 N Y 2d 65, 71). The *De Popas* case was an action to declare an amendment to a zoning ordinance unconstitutional, while the instant proceeding grew out of an application for a use variance. The power to render a declaratory judgment is committed to the discretion of the Supreme Court and is spelled out in CPLR 3001. On the other hand, the power to grant use variances is in the zoning board of appeals. It is an alternative or administrative remedy for someone aggrieved by a particular zoning ordinance. If a zoning board refuses to grant relief, the aggrieved party can then institute a proceeding under CPLR article 78. The declaratory judgment and the use variance contemplate different forums (see, generally, 2 Anderson, New York Zoning Law and Practice [2d ed.], pp. 180–186). True, the "considerations for determining the constitutionality of a zoning ordinance as applied to a particular owner's property are much the same as those prescribed for the grant or denial of a variance" (*Williams* v. *Town of Oyster Bay*, 32 N Y 2d 78, 81), but the fact that the considerations are "much the same" does not, in our judgment, constitute an identity of issue. In *De Popas*, the inquiry centered about the comprehensive plan of the Town of Brookhaven and the issue of spot zoning. In the application for a use variance, the inquiry is concerned with "unnecessary hardship". This test requires the applicant to show that (1) the land cannot yield a reasonable return, (2) his plight is unique (but see, e.g., *Matter of Jayne Estates* v. *Raynor*, 22 N Y 2d 417, 425) and (3) the essential character of the locality would not be changed. One or more of these items may have been touched upon in *De Popas*, but with a different emphasis from that in a use variance case. The record in the instant proceeding contains a finding by respondent that petitioners, in fact, produced enough evidence to establish "hardship", but respondent characterized the hardship as necessary rather than unnecessary. Thus, its determination contained the following: "such hardship is necessary because the courts of this State have decreed it to be necessary." That, of course, was a reference to the holding in the *De Popas* case and expresses respondent's view that it was constrained by that case to deny the relief sought. It seems to us, however, that a hardship is necessary or unnecessary depending upon whether the granting of the variance is in harmony with the general purposes of the zoning regulations, i.e., to promote the public safety and welfare and to do substantial justice (see 2 Rathkopf, Law of Zoning and Planning, pp. 45–16, 45–17). Under the right circumstances, the granting of a variance for a small parcel of land might be in harmony with the general purposes of the zoning regulations, while a change in zoning for a larger parcel might not be. One authority has noted that "the fact that the grant of the variance would serve the public good would be relevant to establish that the grant is

in furtherance of public welfare and accomplishes substantial justice" albeit not sufficient in itself to fulfill the hardship requirement (Rathkopf, p. 45–18). In this regard, we note that approximately 1,000 neighborhood residents have indicated their approval of petitioners' store. Finally, we also have strong reservations about whether petitioners, or those in privity with them, had a full and fair opportunity to contest the *De Popas* decision. The Kasten petitioners were not parties to that action. Likewise, petitioner Southland Corporation was not a party, although one of its district managers was called as a witness on the trial. Being a witness does not make one a full participant in the litigation as contemplated by the *Schwartz* case (*supra*). In any event, for the reasons given as to the requirements of identity of issue, we conclude that this proceeding should be remanded to Special Term for reconsideration. In so doing we make no judgment whatsoever as to the merits of petitioners' application for a use variance, but simply that the application is not barred by collateral estoppel. Christ, Acting P. J., Brennan, Munder and Shapiro, JJ., concur; Cohalan, J., not voting.