■ In the Matter of JOHN DI MILIA et al., Respondents, v ROGER BENNETT et al., Constituting the Board of Standards and Appeals of the City of New York, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York, dated December 8, 1987, which affirmed a refusal by the Department of Buildings to certify the petitioners' building plans, the members of the Board of Standards and Appeals appeal from an order of the Supreme Court, Queens County (Di Tucci, J.), entered April 18, 1988, which granted the petition, annulled the determination, and remitted the matter to the Board for reconsideration.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Thompson, and leave to appeal is granted by Justice Thompson (CPLR 5701 [b]); and it is further,

Ordered that the order is affirmed, with costs.

The New York City Department of Buildings originally approved plans for two two-story, single-family houses to be built in Queens. After this approval, the petitioners sought to amend the plans by adding a full bathroom, a private entrance and dividing a large room into two on the houses' first floor. The amendment was denied. The petitioners appealed to the respondent Board of Standards and Appeals which affirmed the determination based on the finding that the proposed buildings would be readily convertible into illegal, nonconforming, two-family homes. The Supreme Court annulled the Board's determination stating, *inter alia,* that to prohibit the houses based on a possible future illegal use was arbitrary and capricious. We agree.

The standard to be applied herein is the actual use of the building in question, not its possible future use *(see, Matter of Baskin v Zoning Bd. of Appeals,* 40 NY2d 942, *revg* 48 AD2d 667 on dissent of Shapiro, J.; see also, Jewish Bd. v Zoning Bd. of Appeals,* 73 NY2d 734). Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.