■ ORLANDO N. et al., Individually and as Parents and Natural Guardians of TERRENCE N., an Infant, Respondents, v BROOKLYN BUREAU OF COMMUNITY SERVICE, Appellant, et al., Defendants.—In an action, *inter alia,* to recover damages for the negligent placement of three foster children by the defen-

dants in the plaintiffs' home, the defendant Brooklyn Bureau of Community Service appeals from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated July 8, 1988, as granted that branch of the plaintiffs' motion as sought to preclude it from litigating the factual issue that the infant plaintiff was sodomized and sexually abused by two of the foster children placed in the plaintiffs' home.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiffs' motion as sought to preclude the defendant Brooklyn Bureau of Community Service from litigating the factual issue that the infant plaintiff was sodomized and sexually abused by two of the foster children placed in the plaintiffs' home is denied.

In the instant action, the appellant argues that the court erred in precluding it from litigating the issue of whether the infant plaintiff was sodomized and sexually abused by two of the foster children placed in the plaintiffs' home because (1) the issue had not been decided in the prior administrative hearing before the New York State Department of Social Services, and (2) it had not been a party to that administrative proceeding.

The doctrine of collateral estoppel is applicable to give conclusive effect to a quasi-judicial determination of an administrative agency *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 499). Collateral estoppel can only be invoked where the issue on which the estoppel argument is based was necessarily decided in a prior proceeding and the party to be precluded had a full and fair opportunity to litigate the issue in the prior proceeding *(see, e.g., Matter of Halyalkar v Board of Regents,* 72 NY2d 261, 266; *Kaufman v Lilly & Co.,* 65 NY2d 449, 455).

The defendant agency has satisfied its burden of demonstrating that it was not afforded a full and fair opportunity in the earlier administrative proceeding of litigating the challenged issue *(see, Kaufman v Lilly & Co., supra,* at 456; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 73). The defendant Brooklyn Bureau of Community Service was an observer at the administrative hearing but in no way participated therein. The fact that one of the employees of Brooklyn Bureau of Community Service was called as a witness did not make it a full participant in the proceeding *(see, Matter of Kasten v Zoning Bd. of Appeals,* 47 AD2d 766). Accordingly, in the instant action, the issue determined at that proceeding

should not be given preclusive effect against the Brooklyn Bureau of Community Service. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.