■ In the Matter of JAMES R. COLLINS et al., Respondents, v WILLIAM R. LONERGAN, JR., et al., Respondents, and CHARLES F. YACULIC et al., Appellants. [603 NYS2d 330] —In a proceeding

pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Lewisboro dated June 28, 1991, which, after a hearing, granted the appellants a permit to construct a skateboard ramp upon certain conditions, the appeal is from a judgment of the Supreme Court, Westchester County (Herold, J.), entered August 27, 1991, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs payable by the petitioners to the appellants, the determination is confirmed, and the proceeding is dismissed on the merits.

A zoning board determination should not be set aside unless there is a showing of illegality, arbitrariness, or abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441, 444; Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309). Therefore, "the determination of responsible local officials * * * will be sustained if it has a rational basis and is supported by substantial evidence" (Matter of Fuhst v Foley, supra, at 444). We find that the Supreme Court erred in annulling the determination of the Zoning Board. The Board's determination that a skateboard ramp is a permitted accessory use because it is customarily incidental to the primary use, had a rational basis, and was not illegal, or arbitrary and capricious. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.