■ In the Matter of JOSEPH KELLY et al., Respondents, v ZONING BOARD OF APPEALS OF TOWN OF HARRISON, Appellant. [638 NYS2d 101] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Harrison, dated January 12, 1993, which, after a hearing, denied the petitioners' application for a building permit, the appeal is from a judgment of the Supreme Court, Westchester County (Lange, J.), entered June 20, 1994, which granted the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court properly granted the petition and directed the Zoning Board of Appeals of the Town of Harrison (hereinafter the ZBA) to grant the petitioners' building permit application. There is no evidence in the record to support the determination of the ZBA that the subject structure, once altered in the manner proposed, will be put to a nonconforming, residential use *(see,* Harrison Town Code § 235-18 [A] [1]). To the contrary, the record evinces that the petitioner's prior, recreational use of the subject structure, which the ZBA acknowledges was a wholly conforming, accessory use, will continue after the proposed alterations are completed.

There is nothing in this record which controverts the petitioners' representation that the renovated structure will continue to be used as a "family recreation center", containing a study, a television room, and a playroom. In point of fact, a review of the hearing record indicates that the ZBA was actually concerned not so much with the petitioners' use of the structure, but with "the possibility that the next owner * * * might decide * * * to convert this into a separate family unit". Indeed, one ZBA member manifested that his primary concern was with the potentiality that the owners who came in after the petitioners would let the subject structure "as an extra apartment because all [a potential leasee] needs is a hot plate". Furthermore, another ZBA member stated that while he believed the petitioners were honest in representing the

intended use of the renovated structure, he was concerned that this structure "could lend itself down the road at some later point with some different owners for a different use". Yet a third ZBA member stated that "the problem with this application" is that the subject structure "looks like another house * * * but for a kitchen facility", which he mused could be established by merely plugging in a microwave oven. Significantly, these anticipatory concerns have no factual basis in this record and for this reason constitute nothing more than unsubstantiated prognostications as to the future use of the premises by individuals other than the petitioners. Furthermore, these concerns reflect an utter disregard for that which is actually manifest in this factual record, i.e., the petitioners' continued recreational use of the premises. To this end, while the proposed renovations will certainly make the recreational use of the structure more comfortable, there is no evidence in this record that the use will not continue to be recreational in nature and subordinate/incidental to the main residence (see, Harrison Town Code § 235-4).

In sum, we do not find any evidence in this record which substantiates the ZBA's finding that the proposed renovations will engender a new, nonconforming use by these petitioners. Accordingly, since the ZBA's determination was not supported by substantial evidence, the Supreme Court properly concluded that it must be vacated (see, Matter of Fuhst v Foley, 45 NY2d 441, 444). Pizzuto, Santucci and Krausman, JJ., concur.

O'Brien, J. P., dissents and votes to reverse the judgment appealed from, on the law, deny the petition, and dismiss the proceeding, with the following memorandum: It is well settled that judicial review of a zoning board's determination is limited to whether the action taken by the board was illegal, arbitrary or an abuse of discretion. A zoning board's determination must be sustained if it has a rational basis and is supported by substantial evidence (see, Matter of Fuhst v Foley, 45 NY2d 441, 444; Matter of Ten Two Ninety Realty Corp. v Zoning Bd. of Appeals, 221 AD2d 344). Contrary to my colleagues, I conclude that the determination of the Zoning Board of Appeals (hereinafter the ZBA) is rational and supported by the record. Accordingly, I would reverse and dismiss the proceeding.

The petitioners' property, which is in a single-family residential zone, includes a single family house and a two-story accessory building. Town records described the accessory building as a three-car garage with open space on the second floor. When the petitioners purchased the property in 1956, the accessory

building housed a two-car garage and workshop on the ground floor and an open recreation area on the second floor. In 1989, the petitioners obtained a permit to install a bathroom on the second floor. There is no dispute that the accessory building was legally nonconforming as to its dimensions and setback requirements. The issue on appeal concerns the use of the building.

Harrison Town Code § 235-4 defines an accessory use as a "subordinate use, building or structure customarily incidental to" the main use, for example, a private garage, garden shed, playhouse or tennis court. Harrison Town Code § 235-18 (A) (1) of the ordinance prohibits the use of accessory buildings for residential purposes.

In 1991 the petitioners applied for a building permit approving the division of the second floor into two rooms (a study and TV room), the alteration of the ground floor into a one-car garage and playroom, and the replacement of the exterior staircase with an interior staircase. Following a public hearing, the application was denied by the ZBA.

The ZBA based its decision, *inter alia*, on the information provided by the petitioners' son, their attorney and a neighbor, on town records, and on its observation of the property. The ZBA noted in its decision that substantial interior and exterior work had been done on the building without required permits, including replacing the exterior staircase with an interior staircase, eliminating garage doors, installing new windows, doors and siding, installing a bathtub, and changing the interior configuration.

The original three-car garage with undivided space on the second floor, which could only be reached by an exterior staircase, had been converted into a one-car garage with enlarged habitable space on the first floor and an interior staircase leading to two rooms and a full bath upstairs. The determination of the ZBA stated, "[i]n form and function, the renovation work has changed what was clearly an accessory three-car garage * * * into a structure appearing in all respects to be a small house with a one-car garage". The ZBA further noted that the petitioners' attorney indicated at the hearing that the building could be used for sleeping. The ZBA concluded that the structure, as renovated, would not customarily be considered an incidental use but would in fact constitute an addition to the main house. Although the proposed renovations would not affect the nonconforming dimensions of the building, the ZBA found that they would change the prior conforming accessory use of the building to a new, nonconforming use.

The record supports the ZBA's determination as to the effect of the renovations on the use of the structure. Its conclusion that such use would be contrary to the applicable zoning regulations was not arbitrary or capricious. Accordingly, this Court should not substitute its own judgment that the renovations merely amounted to a continuation of the previous incidental use of the building.