■ In the Matter of DORIS K. HARDER, Respondent, v MARY GLASS, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent. [651 NYS2d 82] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Social Services dated October 7, 1994, which, after a hearing, determined that the Suffolk County Department of Social Services properly retained the petitioner's retroactive Supplemental Security Income payments, the appeal is from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered March 1, 1996, which granted the petition and annulled the determination, directed that the respondents pay to the petitioner the sum of $11,201.13, and awarded the petitioner attorney's fees pursuant to 42 USC § 1988 and CPLR article 86.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner applied for Social Security Disability (hereinafter SSD) and Supplemental Security Income (hereinafter SSI) benefits on January 29, 1990. At that time she was found to be eligible for SSD but not SSI benefits. On December 29, 1993, the petitioner reapplied for SSI benefits and was then found to be eligible. On January 14, 1994, she received a check in the amount of $431.37 as SSI benefits for December 1993 and January 1994. The petitioner inquired as to why her eligibility for SSI benefits had not been retroactive to the date of her original application, and in March 1994 it was determined that the denial of her original application of SSI benefits had been in error, and that she was in fact eligible for SSI benefits as of January 29, 1990. Thereafter, two checks for ret-

roactive SSI benefits, one dated April 26, 1994, in the amount of $5,981.47 and one dated May 3, 1994, in the amount of $5,650.53, were sent on behalf of the petitioner directly to the Suffolk County Department of Social Services (hereinafter Suffolk DSS), which retained them to cover interim Home Relief benefits in the amount of $14,655.02 which were provided to the petitioner from January 1990 to December 1993. The petitioner commenced the instant proceeding challenging the appellant's determination, after an administrative hearing, that she was not entitled to a refund of the money retained by Suffolk DSS, and the court granted the petition. We reverse.

Pursuant to 42 USC § 1383 (g), the State is permitted to recoup interim assistance it has provided from the first SSI payment (see, Matter of Rodriguez v Perales, 86 NY2d 361). The petitioner contends that the January 14, 1994, check was the first payment of SSI benefits and therefore the State was not entitled to retain the April and May 1994 checks. We disagree. The January 14, 1994, check was the first payment of SSI benefits on the December 29, 1993, application, whereas the April and May 1994 checks were the first payments of SSI benefits on the January 29, 1990, application. Accordingly, the State was entitled to retain those checks as reimbursement for the interim assistance it provided to the petitioner from the date of the original application to the date of the second application (cf., Matter of Rodriguez v Perales, supra).

The petitioner is precluded from obtaining judicial review of her argument that Suffolk DSS must refund to her the April 1994 check since it did not process the check within 10 days, because this issue was not raised at the administrative hearing (see, e.g., Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833; Matter of Klapak v Blum, 65 NY2d 670; Matter of Johnson v Coughlin, 205 AD2d 537; Matter of Abramo v New York State Dept. of State, 199 AD2d 1083). In any event, the failure of Suffolk DSS to comply with the statutory deadline for processing the check does not require the forfeiture of its right to recoup the interim Home Relief payments from retroactive Federal disability benefits (see, Matter of Baez v Bane, 89 NY2d 1).

As the petitioner is not a prevailing party, she is not entitled to attorney's fees (see, Matter of New York State Clinical Lab. Assn. v Kaladjian, 85 NY2d 346). Rosenblatt, J. P., O'Brien, Ritter and Friedmann, JJ., concur.