■ In the Matter of KAM HAMPTON I REALTY CORP. et al., Appellants, v BOARD OF ZONING APPEALS OF THE VILLAGE OF EAST HAMPTON et al., Respondents. (Proceeding No. 1.) In the Matter of KAM HAMPTON I REALTY CORP. et al., Appellants, v BOARD OF ZONING APPEALS OF THE VILLAGE OF EAST HAMPTON et al., Respondents. (Proceeding No. 2.) [709 NYS2d 613] —In related proceedings pursuant to CPLR article 78 to review (1) a determination of the respondent Board of Zoning Appeals of the Village of East Hampton, dated April 4, 1997, which, after a hearing, confirmed the issuance of a certificate of occupancy

by the respondent Building Inspector to the respondent Travertine Corporation, and (2) a determination of the respondent Board of Zoning Appeals of the Village of East Hampton, dated January 9, 1998, which, after a hearing, upheld the issuance of two building permits by the respondent Building Inspector to the same corporation, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated February 22, 1999, which denied the petitions and dismissed the proceedings.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In February 1995, the respondent Travertine Corporation (hereinafter Travertine), an entity owned by the respondent Martha Stewart, purchased from a museum approximately 2.5 acres located in the Village of East Hampton, which were improved by a main residence, a garage, a driveway, and an accessory structure denoted as a studio. The residence and the studio had been built by the former owner of the property, renowned architect Gordon Bunshaft. Mr. Bunshaft and his wife had bequeathed the property to the museum. After Travertine purchased the property, it obtained a certificate of occupancy which, rather than simply denoting the accessory structure as a "studio", specifically described the layout and contents of the structure. Subsequently, Travertine also obtained two building permits from the Village, one allowing repair and renovation of the studio, and the other giving permission to Travertine to construct three other accessory structures on the property, comprising a library, home office, and a gym. Thereafter, Travertine also obtained a variance and a Freshwater Wetlands Permit from the Village, permitting it to, *inter alia*, remove dead and diseased plants from a portion of its property which was classified as Freshwater Wetlands, and to re-vegetate the area with deciduous and other freshwater wetland plants. The granting of the Freshwater Wetlands Permit is the basis of a companion appeal (*see, Matter of Kam Hampton I Realty Corp. v Board of Zoning Appeals*, 273 AD2d 387 [decided herewith]).

The petitioner Kam Hampton I Realty Corp., a corporation owned by the petitioners Harry and Linda Macklowe (hereinafter collectively referred to as Kam Hampton), own property adjoining Travertine's property. Kam Hampton challenged the applications made by Travertine. On this appeal, Kam Hampton contends that the certificate of occupancy was improperly issued for the studio because it constitutes a second

dwelling in violation of the Village Code, and that the municipal respondents acted arbitrarily and capriciously in granting the two building permits to Travertine.

The determination of the respondent Board of Zoning Appeals (hereinafter the BZA) in upholding the issuance of the certificate of occupancy has a rational basis, is neither arbitrary nor capricious, and is supported by substantial evidence (*see, Matter of Sasso v Osgood,* 86 NY2d 374; *Matter of Ten Two Ninety Realty Corp. v Zoning Bd. of Appeals,* 221 AD2d 344; *Matter of Fischer v Markowitz,* 166 AD2d 444; *Matter of Naumann v Zoning Bd. of Appeals,* 161 AD2d 714).

The determination of the BZA that the proposed accessory buildings for a gym, office, and library were customarily incidental to the main residence is entitled to deference (*see, Matter of New York Botanical Garden v Board of Stds. & Appeals,* 91 NY2d 413), and is upheld since it has a rational basis and is supported by substantial evidence (*see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Collins v Lonergan,* 198 AD2d 349). Indeed, the BZA noted that it has often permitted the conversion of existing accessory structures to a gym or exercise studio, or to a library or home office.

Kam Hampton's claim that the design of the structures indicate that they would be used for dwelling purposes is based on pure speculation, and not any fact in the record. As the BZA correctly found, the law does not permit it to speculate that a permit applicant will use a structure for purposes not permitted by the village's code (*see, Matter of Kelly v Zoning Bd. of Appeals,* 224 AD2d 424; *Matter of Di Milia v Bennett,* 149 AD2d 592).

The petitioners' remaining contentions are without merit. Bracken, J. P., Ritter, Krausman and Smith, JJ., concur.