■ In the Matter of SAGAPONACK HOMEOWNERS ASSOCIATION et al., Petitioners, and ALLAN STILLMAN et al., Appellants, v CHIEF BUILDING INSPECTOR OF THE TOWN OF SOUTHAMPTON et al., Respondents. BLUE TURTLES, INC., et al., Intervenors-

Respondents. [719 NYS2d 691] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the respondent Architectural Review Board of the Town of Southampton approving five building permit applications for the intervenors Blue Turtles, Inc., and Ira Rennert, the petitioners Allan Stillman, Joseph Dilworth, and Joseph Zicherman appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Oshrin, J.), dated August 5, 1999, as, upon reargument, dismissed the fifth and sixth causes of action asserted in the petition.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs payable to the intervenors-respondents.

This action arises from the proposed development of an estate on a 63-acre parcel of oceanfront property in the Hamlet of Sagaponack located in the Town of Southampton (hereinafter the Town). In January 1998, the intervenors, Blue Turtles, Inc., and Ira Rennert (hereinafter collectively referred to as Blue Turtles), submitted to the Town's building department seven applications concerning the construction of a single-family residence with accessory structures, including a playhouse and beach and garden pavilions, as well as a detailed plot plan. In light of the substantial construction proposed, the respondent Chief Building Inspector of the Town referred the applications to the respondent Architectural Review Board (hereinafter the ARB) pursuant to Town Building Code § 330-170. After holding two open meetings with the applicant and conducting field investigations, the ARB, on February 17, 1998, issued its resolution approving five of the seven applications, those relating to the house, playhouse, beach and garden pavilions, and mechanical building, and adjourning the portion of the plans which was for a garage and gatehouse and entrance pavilions. The ARB approved the minutes of the February 17, 1998, meeting on March 3, 1998, and the resolution was filed in the Office of the Town Clerk on that date. On April 1, 1998, and April 2, 1998, the Building Inspector issued five building permits for the project. Construction began on April 2, 1998.

The petitioners, an unincorporated homeowners' association consisting of Sagaponack homeowners and individuals who own property in close proximity to the subject property, attempted by various means to halt the construction of the project, claiming that it did not comply with the Town's zoning provisions, and would adversely affect the environment as well

as their property values. In this proceeding, commenced on July 31, 1998, the petitioners challenge the ARB's approval of the five building permit applications, contending, *inter alia,* that the Building Inspector's issuance of the permits was void since the ARB's decision was "preliminary and non-final." Having previously dismissed four of the five claims asserted against the Building Inspector for failure to exhaust administrative remedies, the Supreme Court determined that the ARB's decision was, in fact, final and binding, and that since it was filed on March 3, 1998, the petitioners' claim was time-barred. The court also concluded that the Building Inspector was authorized to issue the building permits based on the ARB's resolution, and dismissed the only remaining claim against him. We affirm.

Administrative actions are not final and ripe for judicial review "unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process" (*Chicago & S. Air Lines v Waterman S. S. Corp.,* 333 US 103, 113). "The concept of finality requires an examination of the completeness of the administrative action and a pragmatic evaluation of whether the 'decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury' " (*Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 519, *cert denied* 479 US 985, quoting *Williamson County Regional Planning Commn. v Hamilton Bank,* 473 US 172, 193; *see, Matter of Essex County v Zagata,* 91 NY2d 447, 453).

The Supreme Court properly determined that the ARB's decision was final and binding with respect to the five applications it unequivocally approved in its resolution dated February 17, 1998. That the ARB adjourned indefinitely any consideration of the two remaining applications does not indicate that it was derelict in its duty to ensure that the plans for the 63-acre parcel were of "harmonious character," as required by the Town Code (Zoning Code of the Town of Southampton § 330-171 [B]). Nor does any provision of the Zoning Code support the petitioners' argument concerning the "illegal segmentation" of the environmental review of the project. Since the petitioners did not commence this proceeding against the ARB within four months of the filing of its final decision on March 3, 1998, the fifth claim of the petition was properly dismissed as time-barred (*see,* CPLR 217 [1]).

Moreover, inasmuch as the ARB's determination was final and binding, the Building Inspector had the authority to issue the five building permits (*see,* Zoning Code of the Town of

Southampton § 330-175). Accordingly, the sixth claim of the petition was properly dismissed. Altman, J. P., Goldstein, McGinity and Schmidt, JJ., concur.