■ In the Matter of Association of Friends of Sagaponack et al., Appellants, v Zoning Board of Appeals of the Town of Southampton et al., Respondents. [731 NYS2d 851] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Southampton, dated January 7, 1999, the petitioners appeal from (1) two decisions of the Supreme Court, Suffolk County (Oshrin, J.), both dated June 7, 2000, and (2) a judgment of the same court, entered June 14, 2000, which denied the petition and dismissed the proceeding.

Ordered that the appeals from the decisions are dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

This action arises from the proposed construction of a single-family residence on a 63-acre parcel of oceanfront property in the Hamlet of Sagaponack located in the Town of Southampton. The respondent Chief Building Inspector of the Town of Southampton issued five building permits to the respondents Ira Rennert and Blue Turtles, Inc. (hereinafter collectively referred to as Blue Turtles) for the construction of a single-family residence of over 40,000 square feet, and accessory structures including a 10,000 square-foot playhouse, garden and beach pavilions, and a mechanical building. The petitioners, an unincorporated homeowners' association consisting of Sagaponack homeowners and individuals who own property in close proximity to the subject property, filed an appeal with the respondent Zoning Board of Appeals of the Town of Southampton (hereinafter the ZBA), among other proceedings (*see, Matter of Sagaponack Homeowners Assn. v Chief Bldg. Inspector of*

*Town of Southampton,* 279 AD2d 579; *Association of Friends of Sagaponack v Rennert,* 279 AD2d 542). The petitioners asserted that the residence is not a single-family dwelling within the meaning of the Town Code, and that none of the four accessory structures are permitted under the Town Code. After conducting public hearings on the appeal, the ZBA concluded that the building permits were properly issued.

In a related proceeding, the petitioners argued that in any event, Blue Turtles' applications were subject to newly-amended, and more restrictive, zoning provisions requiring site-plan approval for residences to be situated on lots greater than 15 acres, and limiting single-family residences to 20,000 square feet. The ZBA concluded, after a hearing, that Blue Turtles' rights in the building permits had vested. The petitioners then instituted this proceeding challenging the ZBA's determination. The Supreme Court concluded that the ZBA's determination was rational and reasonable, and supported by substantial evidence, and that the petitioners were collaterally estopped from challenging the ZBA's determination as to vested rights. We affirm.

In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action taken is illegal, arbitrary and capricious, or an abuse of discretion (*see, Matter of New York Botanical Garden v Board of Stds. & Appeals,* 91 NY2d 413). Further, the interpretation of a zoning ordinance by a zoning board of appeals must be "given great weight and judicial deference, so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute" (*Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 62 NY2d 539, 545).

The ZBA's determination that the design of the house and the nature of the occupancy warranted the conclusion that the proposed "large, oceanfront mansion" was a single-family residence within the meaning of the Town Code is rational and is supported by the record (*see, Matter of Baskin v Zoning Bd. of Appeals,* 40 NY2d 942). Moreover, the ZBA properly rejected the petitioners' speculative claims that the residence was destined for use other than as a single-family residence, as the standard "is not designed or potential use, but actual use" (*Matter of Baskin v Zoning Bd. of Appeals of Town of Ramapo,* 48 AD2d 667, 669). The ZBA's conclusion that, however elaborate, the accessory structures are not prohibited by the applicable zoning provisions, are "customarily incidental to the residential use and * * * are not uncommon in a large, country

estate of this scale" within an "affluent area" was also properly accorded deference by the Supreme Court (*see, Matter of New York Botanical Garden v Board of Stds. & Appeals, supra,* at 420).

The Supreme Court properly determined that the petitioners are collaterally estopped from challenging the ZBA's determination that Blue Turtles had "diligently pursued construction pursuant to a lawful permit, ha[d] undertaken substantial construction and made substantial expenditures" prior to the enactment of the new zoning laws, and therefore, its rights in the building permits had vested (*see, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 77 NY2d 114). The petitioners had a full and fair opportunity to litigate the issue (*see, Ryan v New York Tel. Co.,* 62 NY2d 494; *Kaufman v Lilly & Co.,* 65 NY2d 449, 450; *Mathieu v Scalea,* 285 AD2d 631).

In light of our determination, we do not address the parties' remaining contentions. Ritter, J. P., Goldstein, Florio and Townes, JJ., concur.