■ In the Matter of MARIA MEJIAS, Respondent, v TOWN OF SHELTER ISLAND ZONING BOARD OF APPEALS et al., Appellants. [751 NYS2d 409] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellant Town of Shelter Island Zoning Board of Appeals, dated August 23, 2000, which granted the respondent Lear-Ruig Partners, LLC, a special exception permit, the Town of Shelter Island Zoning Board of Appeals and Lear-Ruig Partners, LLC, separately appeal from (1) an order and judgment (one paper) of the Supreme Court, Suffolk County (Berler, J.), dated June 29, 2001, which granted the petition and annulled the determination, and (2) an order of the same court, dated November 7, 2001, which denied the motion of the defendant Lear-Ruig Partners, LLC, joined in by the defendant Town of Shelter Island Zoning Board of Appeals, for leave to reargue.

Ordered that the appeals from the order dated November 7, 2001, are dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order and judgment is reversed, on the law, the petition is denied, the proceeding is dismissed, and the determination of the Town of Shelter Island Zoning Board of Appeals granting a special exception permit is reinstated; and it is further,

Ordered that one bill of costs is awarded to the appellants.

In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action taken is illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.,* 91 NY2d 413; *Matter of Association of Friends of Sagaponack v Zoning Bd. of Appeals of Town of Southampton,* 287 AD2d 620, 621). In addition, a zoning board's interpretation of its zoning ordinance is entitled to great deference, and will not be overturned by a court unless unreasonable or irrational (*see Matter of Sposato v Zoning Bd. of Appeals of Vil.*

*of Pelham,* 287 AD2d 639; *Matter of Home Depot USA, Inc. v Baum,* 243 AD2d 476, 478; *Matter of Chrysler Realty Corp. v Orneck,* 196 AD2d 631, 632). Any ambiguities in a zoning ordinance must be resolved in favor of the property owner (*see Matter of Hogg v Cianciulli,* 247 AD2d 474). Upon our review of the record, we find that the interpretation by the Town of Shelter Island Zoning Board of Appeals (hereinafter the Zoning Board) of the subject zoning ordinance, which resulted in the granting of a special exception permit to allow the respondent Lear-Ruig Partners, LLC, to operate a horse farm on its property, was reasonable and rational. Therefore, the Zoning Board's determination should be reinstated. Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.