■ In the Matter of GALILEO C.B. FERRARIS, Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF SOUTHAMPTON et al., Respondents. [776 NYS2d 820]—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Ap-

peals of the Village of Southampton, dated September 26, 2002, which, after a hearing, granted the application of Carol Stewart-Black for certain area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Werner, J.), entered April 15, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Fuhst v Foley*, 45 NY2d 441, 444 [1978]; *Matter of Mejias v Town of Shelter Is. Zoning Bd. of Appeals*, 298 AD2d 458 [2002]; *Matter of Association of Friends of Sagaponack v Zoning Bd. of Appeals of Town of Southampton*, 287 AD2d 620, 621 [2001]). In addition, a zoning board's interpretation of its zoning ordinance is entitled to great deference, and will not be overturned by a court unless unreasonable or irrational (*see Matter of Sposato v Zoning Bd. of Appeals of Vil. of Pelham*, 287 AD2d 639 [2001]; *Matter of Home Depot USA v Baum*, 243 AD2d 476, 478 [1997]). Any ambiguities in a zoning ordinance must be resolved in favor of the property owner (*see Matter of Hogg v Cianciulli*, 247 AD2d 474 [1998]). The interpretation by the Zoning Board of Appeals of the Village of Southampton (hereinafter the Zoning Board) of the subject zoning ordinance, which resulted in the granting of certain variances to allow the respondent Carol Stewart-Black to construct a new house on her property, was reasonable and rational and the Zoning Board's action was not illegal, arbitrary and capricious, or an abuse of discretion.

The petitioner's contention regarding a "total area" variance is unpreserved for appellate review (*see Matter of Trident Realty v Planning Bd. of Inc. Vil. of E. Hampton, Suffolk County*, 248 AD2d 545 [1998]; *Matter of Harder v Glass*, 234 AD2d 293 [1996]; *Matter of Johnson v Coughlin*, 205 AD2d 537 [1994]). Ritter, J.P., Smith, H. Miller and Goldstein, JJ., concur.