— In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Southold dated September 14, 2006, that the proposed realignment of a nonconforming, pre-existing dock/ marina in accordance with the conditions set forth in a wetlands permit issued by the Board of Trustees of Town of Southold does not constitute a change that would render inapplicable the provisions of Southold Town Code § 280-121(A) governing nonconforming uses, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Weber, J.), dated August 13, 2007, which, in effect, denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
Contrary to the petitioners’ contention, the interpretation of Southold Town Code § 280-121(A) by the Zoning Board of Appeals of Town of Southold that the proposed realignment of the subject dock/marina does not constitute a change that would render inapplicable the provisions of that section governing nonconforming uses was rational, and not arbitrary or capricious (see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91 NY2d 413 [1998]; Matter of Mc-Crory v Zoning Bd. of Appeals of Vil. of Mamaroneck, 40 AD3d 649 [2007]; Matter of Falco Realty, Inc. v Town of Poughkeepsie Zoning Bd. of Appeals, 40 AD3d 635 [2007]; Matter of Mejias v Town of Shelter Is. Zoning Bd. of Appeals, 298 AD2d 458 [2002]; Matter of Association of Friends of Sagaponack v Zoning Bd. of Appeals of Town of Southampton, 287 AD2d 620 [2001]; Matter of JIJ Realty Corp. v Costello, 239 AD2d 580 [1997]).
The petitioners’ remaining contentions are without merit. Santucci, J.E, Covello, Leventhal and Belen, JJ., concur.