Gugliotta v Wilson (2019 NY Slip Op 00261)





Gugliotta v Wilson


2019 NY Slip Op 00261


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-05124
 (Index No. 605584/15)

[*1]Anthony Gugliotta, respondent, 
v
Barbara Wilson, appellant.


Tarbet & Lester, PLLC, East Hampton, NY (Brian J. Lester of counsel), for appellant.
Anton J. Borovina, Melville, NY, for respondent.



DECISION & ORDER
In an action to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), entered April 15, 2016. The order denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff and the defendant are neighbors in the Village of Southampton. The defendant was seeking to add an exterior staircase to her property. A public hearing was held on April 13, 2015, before the Village's Board of Historic Preservation and Architectural Review (hereinafter the Board) to review the defendant's application. After the defendant presented her plans to the Board, the plaintiff and other neighboring property owners voiced their objections to the defendant's application. Among other things, the plaintiff questioned the defendant's explanation that the staircase was needed for the safety of her daughter, observing that the daughter had been living in the house for 16 years and had a bedroom on the ground floor.
In responding to the various objections made by the plaintiff and the other homeowners, the defendant began by saying, "[f]irst of all, I'm going to try to say this calmly as a mother." Then, turning toward the plaintiff, she added, "I'm so glad you're worried about my daughter." Upon being prompted by the Chairman to address the Board and not the plaintiff, the defendant continued: "Since he's so concerned about my daughter, I'll be enforcing the settlement that we entered into where his camera is not supposed to be . . . on my daughter's bedroom window." The Chairman then urged the defendant not to bring up irrelevant issues before the Board.
A few minutes later, the defendant, unprompted, again returned to this subject: "Just when people bring up my daughter, it's a little upsetting to me. . . . Especially when grown men want to look at little girls," prompting the Chairman to exclaim: "Whoa. We don't want to get into that."
After the defendant's application was adjourned, her voice could be heard off camera warning the plaintiff: "You better stay away from my daughter." The meeting was transcribed by a court reporter, and a video of the meeting was also broadcast over local television.
The plaintiff commenced this action against the defendant to recover damages for [*2]slander per se and libel per se. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, and the plaintiff opposed the motion. In an order entered April 15, 2016, the Supreme Court denied the defendant's motion. The defendant appeals.
"In assessing the adequacy of a complaint under CPLR 3211(a)(7), the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff the benefit of every possible favorable inference'" (J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334, quoting AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591). "A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v Leader, 74 AD3d 1180, 1181; see CPLR 3211[c]). "If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he has stated one'" (Sokol v Leader, 74 AD3d at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Greenberg v Spitzer, 155 AD3d 27, 41).
"Absolute privilege is based upon the personal position or status of the speaker and is limited to the speaker's official participation in the processes of government" (Park Knoll Assoc. v Schmidt, 59 NY2d 205, 209). "The absolute privilege generally is reserved for communications made by individuals participating in a public function, such as executive, legislative, judicial or quasi-judicial proceedings. This protection is designed to ensure that such persons' own personal interests—especially fear of a civil action, whether successful or otherwise—do not have an adverse impact upon the discharge of their public function" (Rosenberg v MetLife, Inc., 8 NY3d 359, 365 [internal quotation marks omitted]).
Here, as a threshold matter, the challenged statements, considered in the context in which they were made, tended to expose the plaintiff to public contempt, hatred, ridicule, aversion, or disgrace.
The challenged statements, which were made in the context of a contested application before a municipal body whose determination is subject to judicial review pursuant to CPLR article 78 (see Code of the Village of Southampton §§ 116-33, 116-34; Matter of Sagaponack Homeowners Assn. v Chief Bldg. Inspector of Town of Southampton, 279 AD2d 579), would ordinarily be subject to absolute privilege (see Allan & Allan Arts v Rosenblum, 201 AD2d 136). Nevertheless, the absolute privilege embraces only those statements that may possibly be or become material or pertinent to the matters before the Board, construed under an extremely liberal standard (see id. at 143; Dachowitz v Kranis, 61 AD2d 783). Upon our review of the papers and documentary evidence submitted by the parties, we discern "not one scintilla of evidence present upon which to base the possible pertinency of [the] defendant's statement[s]" (Dachowitz v Kranis, 61 AD2d at 784). Therefore, under the circumstances of this case, the challenged statements are not subject to an absolute privilege (see id. at 783-784).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court